IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JULIANNE LAGERSTROM, et al.,

        Plaintiff,

v.                                                   Case No. 13-2531-JTM

ENTERPRISE BANK & TRUST,

        Defendant.

MEMORANDUM AND ORDER

Plaintiffs Clare Blasi, Gloria Garrett and Julianne Lagerstrom filed suit alleging Enterprise Bank & Trust violated the Equal Credit Opportunity Act by requiring each of the plaintiffs to sign a guaranty on loans sought by a third party. The matter is now before the court on defendant Enterprise's Amended Motion to Dismiss or Transfer (Dkt. 10). After reviewing the parties' briefs on the motion, the court is prepared to rule. The court grants the motion to transfer for the reasons stated below. As a result, the court does not address the merits of Enterprise's motion to dismiss, which would be more appropriately addressed by the transferee court.

**I. Background**

Table Rock Canyon, LLC is a limited liability company organized and existing under the laws of Missouri. Frontline Development, LLC is another Missouri limited liability company that is a member and sole manager of Table Rock Canyon. Nicholas Blasi, Gordon Garrett and Cory Lagerstrom were members of Frontline Development at all times relevant to this suit. Clare Blasi, Gloria Garrett and Julianne Lagerstrom are the

respective wives of Nicholas Blasi, Gordon Garrett and Cory Lagerstrom. They are not members or managers of Table Rock Canyon or Frontline Development, and they do not hold any legal interest in either company. Enterprise Bank & Trust is a trust corporation and chartered bank organized and existing under Missouri law, with its headquarters in Missouri and an office location in Overland Park, Kansas.

On July 30, 2007, Table Rock Canyon entered into a loan agreement with Enterprise. As a condition of issuing the loan to Table Rock Canyon, Enterprise required Clare Blasi, Gloria Garrett and Julianne Lagerstrom to sign guaranties and multiple periodic consents regarding the enforceability of their guaranties. The plaintiffs claim that by requiring them to execute the guaranties and consents, Enterprise discriminated against them on the basis of marital status in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a) and Regulation B, 12 C.F.R. § 202.7.

Enterprise now moves the court to transfer the case to the Western District of Missouri, citing the forum-selection provision contained in each of the guaranties signed by the plaintiffs.

**II. Legal Standard – Motion to Transfer**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a) (2012). A forum-selection clause can be enforced by a motion to transfer under 29 U.S.C. § 1404(a). *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 579 (2013). The decision whether to grant a motion to transfer is within the

2

sound discretion of the district court. *See Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir. 1992).

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co.*, 134 S. Ct. at 581. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." *Id.* (citing § 1404(a)). The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Id.* (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). "[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id.* (internal citation omitted).

"The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.* "First, the plaintiff's choice of forum merits no weight." *Id.* "Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 582. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.*

3

"A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* "As a consequence, a district court may consider arguments about public-interest factors only." *Id.* "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* In other words, there is no potential conflict of laws issue for the court to consider because the transferee court will apply its own laws. *See id.* at 582–83.

"When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Id.* at 583. "In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id.* "[T]he plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 582.

**III. Analysis**

Enterprise argues that this case should be transferred to the Western District of Missouri because the guaranties signed by the plaintiffs limited their choice of forum to the state and federal courts in Jackson County, Missouri. The guaranties contain the following forum consent clause:

4

> **14. Consent to Forum.** As part of the consideration for new value this day received, each Guarantor consents to the jurisdiction of any state and federal court located within Jackson County, Missouri and waives personal service of any and all process upon such Guarantor and consents that all such service of process be made by certified or registered mail directed to such Guarantor at the last known address of such Guarantor as reflected in the Lender's records, and service so made shall be deemed to be complete upon delivery thereto. Each Guarantor waives any objection to jurisdiction and venue in any action instituted against such Guarantor as provided herein and agrees not to assert any defense based on lack of jurisdiction or venue. Each Guarantor further agrees not to assert against the Lender (except by way of a defense or counterclaim in a proceeding initiated by the Lender) any claim or other assertion of liability with respect to this Guaranty, the Obligations, any of the Transaction Documents, the Lender's actions or inactions in respect of any of the foregoing or otherwise in any jurisdiction other than the foregoing jurisdictions. Nothing in this Section shall affect the right of the Lender to serve legal process in any other manner permitted by law or affect the right of the Lender to bring any action or proceeding against Guarantor in the courts of any other jurisdictions or limit the right of the Lender to exercise any non-judicial remedies available to the Lender.

Dkt. 11, Exh. 1 at 4 ¶ 14, Ex. 2 at 4 ¶ 14, Ex. 3 at 4 ¶ 14.

Although this paragraph is not a model of clarity, the court finds no ambiguity in its terms regarding the limitations on where the guarantor(s) may file suit. The third sentence is the only sentence that references the guarantor's right to file suit. It states that the guarantor "agrees not to assert against the Lender . . . any claim . . . with respect to this Guaranty . . . in any jurisdiction other than the foregoing jurisdictions." This language clearly establishes a mandatory, rather than permissive, forum selection clause. *See SBKC Service Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 582 (10th Cir. 1997) (stating that the language of a mandatory forum selection clause must "disclose an intent to exclude other venues."). The word "foregoing" signals that the reader will find listed above the exclusive jurisdictions where the guarantor may file. Looking

5

above this signal word, the reader can only find listed the jurisdiction of the state and federal courts in Jackson County, Missouri. Therefore, the straightforward reading of this paragraph restricts the guarantor to filing suit against Enterprise in Jackson County, Missouri.

The plaintiffs argue for a different reading of the paragraph. The reading they urge begins with the fourth sentence, which allows the lender to bring any action or proceeding against the guarantor in any other jurisdiction. They then turn to the second sentence, in which the guarantor agrees to waive objections and defenses based on jurisdiction and venue in any action brought against the guarantor "as provided herein . . . ." The plaintiffs argue that the phrase "as provided herein" references cases filed by the lender in any of the jurisdictions allowed by the paragraph, which the fourth sentence broadens beyond Jackson County, Missouri. Reading sentence two as containing a reference to the unrestricted jurisdictions the lender might file suit in, the plaintiffs argue that the third sentence's reference to "the foregoing jurisdictions" implicitly includes these other jurisdictions.

The court disagrees. The plaintiffs read into the second sentence a reference to jurisdictions that does not appear. The second sentence merely establishes that the guarantor waives any objections to jurisdiction and venue in any case brought against them by the lender. Although the phrase "as provided herein" clearly refers to cases brought in other jurisdictions, there is no reference in the second sentence to other jurisdictions.

6

Additionally, the third sentence contains an important caveat that the plaintiffs ignore in arguing for their interpretation. It states that the guarantor agrees not to assert any claims against the lender in any jurisdiction other than the foregoing jurisdictions, "except by way of a defense or counterclaim in a proceeding initiated by the lender." This establishes that the forum-selection restriction on the guarantor bringing claims against the lender does not apply to claims brought as defenses or counterclaims, because these can be brought in any jurisdiction that the guarantor is sued in, that is, any jurisdiction in which the lender may sue the guarantor. If the guarantor were allowed to file suit in any jurisdiction in which the lender was allowed to file suit, this caveat would be meaningless, violating the rule that courts are to avoid interpretations that result in meaningless terms. *See, e.g.*, *Wildflower Cmty. Ass'n, Inc. v. Rinderknecht*, 25 S.W.3d 530, 534 (Mo. Ct. App. 2000).

The third sentence restricts the guarantor from filing suit against the lender "in any jurisdiction other than the foregoing jurisdictions," and the foregoing jurisdictions mentioned in the paragraph are those of the state and federal courts found in Jackson County, Missouri. A straightforward reading suggests that this is a mandatory forum selection clause, restricting the plaintiffs from filing suit against Enterprise in any court outside Jackson County.

The court's § 1404(a) analysis incorporates the modified analysis required when the motion to transfer is based on a mandatory forum selection clause. The plaintiffs must bear the burden of showing why the court should not transfer the case to the Western District of Missouri. *See Atl. Marine Constr. Co.*, 134 S. Ct. at 582. The plaintiffs'

choice of forum of the District of Kansas merits no weight, as it was in violation of the agreed-upon forum. *See id.* at 581. The court will not consider arguments about the plaintiffs' private interests; only public-interest factors are relevant. *See id.* at 582. And finally, the court does not consider conflict of law issues, as the Western District of Missouri would apply Missouri law if the court transfers the case. *See id.*

The plaintiffs focused all of their arguments against transfer on whether the forum selection clause restricted their right to file suit in the District of Kansas. They did not argue that public-interest factors weigh in their favor. As a result, the plaintiffs fail to meet their burden of showing why the court should not transfer the case.

**IV. Conclusion**

The court grants Enterprise's motion to transfer the case to the U.S. District Court for the Western District of Missouri because of the forum selection clause in each contract between the plaintiffs and defendant. As a result of the transfer, the court does not reach the merits of Enterprise's motion to dismiss, leaving these arguments for the transferee court to consider.

IT IS THEREFORE ORDERED this 18th day of March, 2014, that Enterprise's Amended Motion to Dismiss or Transfer (Dkt. 10) is granted to the extent set forth above.

IT IS ALSO ORDERED that Enterprise's amended motion supersedes its original Motion to Dismiss or Transfer (Dkt. 6), which the court denies as moot.

s/ J. Thomas Marten<br>J. THOMAS MARTEN, JUDGE